### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD BERTRAND BRIDGES, JR.   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | NO. CIV-08-0759-HE |
| ) | |
| TWO UNNAMED FBI AGENTS,   ) | |
| ET AL.,   ) | |
| ) | |
| Defendant.   ) | |

### ORDER

Plaintiff Howard Bridges, Jr., appearing *pro se*, filed this case against a number of individuals and entities, purporting to allege claims for false arrest, defamation, false imprisonment, Fifth Amendment Due Process violations, Habeas Corpus violations, Sixth Amendment right to counsel violations, 42 U.S.C. §§ 1982 & 1983 violations, and a Bivens[1] action against FBI defendants. Plaintiff has sued all individual defendants in their personal capacities.

On February 17, 2009, plaintiff filed a third amended complaint [Doc. #77] in response to the court's January 23, 2009, order [Doc. #74]. Several defendants have again filed motions to dismiss plaintiff's complaint for failure to state a claim and lack of jurisdiction. Plaintiff has not responded to defendants' motions.

When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations and any reasonable inferences that might

---

[1] *See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).*

be drawn from them are construed in the light most favorable to the nonmoving party. The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 556). "[A] district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response." Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003) (quotation and citation omitted). Applying these standards, as discussed below, the court concludes that defendants' motion must be granted.

## DISCUSSION

Plaintiff's third amended complaint fails to address the issues and deficiencies noted in court's orders of December 23, 2008, [Doc. #65] and January 23, 2009 [Doc. #74]. Plaintiff's third amended complaint is substantially the same as his three previous complaints. Plaintiff again fails to "isolate the allegedly unconstitutional acts of each defendant, and thereby does not provide adequate notice as to the nature of the claims against each." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008). Nor does plaintiff allege how each defendant personally participated in the claimed § 1983 violations. *See* Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). Similarly, plaintiff fails to plead his state law claims with a level of factual detail sufficient to show a plausible basis for claim under the standards of Rule 12(b)(6). Further, plaintiff has failed to properly serve the federal defendants, denying this court of jurisdiction over those defendants.

Although plaintiff's pleadings are accorded the liberal interpretation appropriate to

a *pro se* litigant, *see* Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007), his third amended complaint fails to state a plausible claim against any of the defendants. As noted in the court's January 23, 2009, order, plaintiff's failure to address the pleading deficiencies subject his complaint to the possibility of dismissal with prejudice

Accordingly, the motions to dismiss by defendants Wes Lane and Oklahoma County [Doc. #79], Federal Defendants [Doc. #80], and State of Oklahoma [Doc. #86] are **GRANTED**. The motion to dismiss by Chase Bank [Doc. #76] is **STRICKEN** as moot. Because plaintiff has been afforded multiple opportunities to address the pleading deficiencies and has failed to do so, plaintiffs claims against all defendants are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated this 30th day of April, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE